UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UMMIID, LLC**                         CASE NO.  2:22-CV-05687

**VERSUS**                               JUDGE JAMES D. CAIN, JR.

**MT HAWLEY INSURANCE CO**               MAGISTRATE JUDGE KAY

### MEMORANDUM ORDER

Before the Court is a Motion to Transfer Venue (Doc. 13) filed by defendant Mt. Hawley Insurance Company, wherein Mt. Hawley moves the Court to transfer this action to the Southern District of New York by operation of a forum selection clause and pursuant to U.S.C. § 1404(a). Plaintiff, UMMIDD, LLC, d/b/a Indian Village Quick Stop, opposes the motion. Doc. 15. Mt. Hawley has replied. Doc. 16.

### I.   BACKGROUND

This diversity action arises from damages sustained on October 27, 2021, from a tornado to Plaintiff's property at 4359 Louisiana Hwy 383, Kinder, Louisiana ("Property"). Doc. 1, p. 2. At the time the loss was sustained to the Property, Mt. Hawley insured same under the surplus lines policy, Policy No. GPK00016661 ("Policy"). Doc. 13-2, p. 1. Plaintiff alleges that Mt. Hawley breached its obligation under the Policy and now claims violations of Louisiana Revised Statutes sections 22:1892 and 22:1973. Doc. 1, p. 3.

The Policy endorsement at issue states:

**Conditions**

**1.**  This Policy is amended to add the following Conditions:

>**AA. Jurisdiction and Venue.** It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. **<u>Any litigation commenced by any "Insured" against the Company shall be initiated in New York</u>**. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.
>
>**BB. Choice of Law.** All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

Doc. 13-2, p. 123 (emphasis added).

## II.   LAW & ANALYSIS

Mt. Hawley asks the Court to enforce the forum selection clause, *see supra* Part I, and transfer the case to the United States District Court for the Southern District of New York. Doc. 13-1, p. 7. UMM, however, asks the Court not to enforce the forum selection clause because doing so would contravene the strong public policy of Louisiana of preferring local insurance disputes to be resolved locally found in Louisiana Revised Statutes section 22:686(A). Doc. 15, p. 5. It is true that Louisiana has a strong public policy against forum selection clauses in insurance contracts, which is sufficient to preclude dismissal and transfer of venue; it is also true that this specific public policy does not extend to surplus lines policies. La. R.S. § 22:868(A), (D) (2022); *In re Mt. Hawley Ins. Co.*, No. 22-30111, 2022 WL 5360188, at *1 (5th Cir. Apr. 28, 2022) (granting mandamus and thus ordering lower court to transfer case to the United States District Court for the Southern District of New York where the surplus lines insurance policy contained a mandatory

forum selection clause). In short, because the Policy is a surplus lines policy, transfer to the United States District Court for the Southern District of New York cannot be prevented on public policy grounds under La. R.S. § 22:868.

### III. CONCLUSION

For these reasons, **IT IS HEREBY ORDERD** that the Motion to Transfer Venue (Doc. 13) be **GRANTED**.

**IT IS FURTHER ORDERED** that the matter be **TRANSFERRED** to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

**THUS DONE AND SIGNED** in Chambers on this 5th day of January 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**